Filed 8/3/16  P. v. Wylam CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065804 |
| v. | (Super.Ct.No. INF1300234) |
| JENNIFER LYNN WYLAM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

On January 29, 2013, a complaint charged defendant and appellant Jennifer Lynn

Wylam (defendant) with second degree burglary under Penal Code section 459 (count 1);

false personation under Penal Code section 529, subdivision (a)(3) (count 2); and

1

receiving stolen property under Penal Code section 496, subdivision (a) (count 3). The complaint also alleged that defendant had suffered four prison priors under Penal Code section 667.5, subdivision (b).

On June 7, 2013, defendant pled guilty to counts 1 and 2 on the condition that she would be sentenced to two years eight months in county jail, to run concurrent to a nine-year sentence on other cases. She also agreed to pay a restitution fine of $2,495.86. On the same day, the trial court struck count 3 and the prison priors, and imposed the midterm of two years for second degree burglary and a consecutive one-third the midterm, eight months, for false personation, to be served in county jail, concurrently to a sentence of nine years eight month, on other cases. The court imposed fines and fees, and awarded actual and good time credits.

On December 1, 2015, defendant filed a motion to recall her sentence of second degree burglary, and to be resentenced as a misdemeanor under Penal Code section 1170.18, subdivision (a) or (f). On February 24, 2016, the People filed an opposition contending that the loss was more than $950, as evidenced by the restitution order of $2,495.86, and that the second degree burglary charge was not "shoplifting," but based on false personation.

On February 24, 2016, the trial court denied defendant's motion to recall her sentence because the loss suffered was more than $950.

On April 22, 2016, defendant filed a timely amended notice of appeal challenging the denial of her motion for resentencing under Penal Code section 1170.18, as an order made "after judgment, affecting . . . substantial rights."

## DISCUSSION

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but she has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

SLOUGH
J.

3